IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

TIMOTHY LINCOLN,        )
        Petitioner,     )    CASE NO.    CIV S-07-00689 BJR
                )
    v.            )
                )    ORDER DENYING REQUEST FOR A
                )    CERTIFICATE OF APPEALABILITY
                )
                )
SACRAMENTO COUNTY    )
PROBATION, et al.       )
        Respondent.    )

---

## I.      INTRODUCTION

This matter comes before the court on Petitioner's Request for a Certificate of Appealability. (Dkt. No. 25.) The court hereby DENIES the request, for the reasons described below.

## II.      PRODECURAL HISTORY

On February 11, 2004, a jury found Petitioner Timothy Lincoln guilty of three counts of lewd and lascivious touching of his daughter, involving three separation incidents, in violation of California Penal Code § 288(a). On July 6, 2004, the trial court sentenced Petitioner to an aggregate term of seven years in state prison. Execution of the sentence was suspended and

1

Petitioner was placed on 12 years of formal probation with the conditions that he serve one year in the county jail, participate in both individual and family counselling, and register as a sex offender.  On April 10, 2007, Petitioner filed a petition for writ of habeas corpus in which he argued that his conviction should be overturned because he had been denied effective assistance of counsel. (Dkt. No. 1.) In addition, Petitioner also claimed that he had been denied his right "to be confronted with the witnesses against him" as afforded to him by the Confrontation Clause of the Sixth Amendment. The petition was denied on April 16, 2009 and Petitioner filed a timely notice of appeal. (Dkt. Nos. 21 and 23.) Thereafter, Petitioner filed the present request for a certificate of appealability on May 14, 2009. (Dkt. No. 25.)

III.     DISCUSSION

A.     *Standard of Review*

A certificate of appealability is required to appeal "the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court." *See Wilson v. Bellequ*, 554 F.3d 816, 824 (9th Cir. 2009). A district court may issue a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Belleque*, 554 F.3d at 825–26. The certificate-of-appealability requirement "constitutes a gatekeeping mechanism that prevents [federal courts] from devoting judicial resources on frivolous issues while at the same time affording habeas petitioners an opportunity to persuade [courts] through briefing and argument of the potential merit of issues that may appear, at first glance, to lack merit." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000).

The standard for a certificate of appealability is a "modest standard." *Lambright v. Stewart*, 220 F.3d 1022 (9th Cir. 2000). Courts "must be careful to avoid conflating the standard for permission to appeal with the standard for obtaining a writ of habeas corpus." *Id*. at 1025.

2

"[O]bviously the petitioner need not show that he should prevail on the merits since he has already failed in the endeavor." *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (internal quotation marks and citations omitted). "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

      B.    *The Confrontation Clause Claim*

In his habeas petition, Petitioner argued that his Confrontation Clause rights were violated by the trial court's admission of the victim's out-of-court statements concerning Petitioner touching his own "private area" and concerning a second specific incident of touching the victim's "private area"—incidents that she did not testify to at trial. Petitioner contended that the admission of the out-of-court statements had a "substantial and injurious effect or influence in determining the jury's verdict" because it was the only evidence that Petitioner had the requisite sexual intent in touching the victim. (Dkt. No. 17 at 7). Petitioner also argued that the statements formed the sole evidence for one of the three counts of lewd and lascivious touching for which he was convicted.

Petitioner raised this issue on direct review in state court and the California Court of Appeal held that there was no Confrontation Clause violation in the admission of victim's out-of-court statements because she had appeared at trial and was subject to cross-examination. *People v. Lincoln*, 2006 WL 11337, *4 (Cal.App.3 Dist., Jan. 3, 2006). Relying on the Supreme Court's ruling in *Crawford v. Washington*, 541 U.S. 36 (2004), this court determined that the state court decisions rejecting Petitioner's Confrontation Clause claim was neither contrary to, or an unreasonable application of, Supreme Court precedent. *Crawford*, 541 U.S. at 59, fn. 9

(stating that when a declarant appears for cross-examination at trial, the confrontation clause places no constraints at all on the use of his prior testimonial statements).

In the present motion, Petitioner argues that *Crawford* restored the Confrontation Clause's preference for live face-to-face testimony. "The traditional confrontation clause concern with face-to-face confrontation does not just include the requirement that the jury have the opportunity to view the demeanor of the defendant's accuser when she makes her accusations; it involves as well the requirement that the accuser make her accusations *in the presence of the defendant* so that the jury can observe the accuser's demeanor as she makes her accusations to the defendant's face." (Dkt. No. 25, at 5 (*emphasis in original*)). He contends that the procedure employed by the prosecution at trial—relying on the out-of-court statement's as the sole evidence in support of some of the charges—denied Petitioner this core aspect of his right to face-to-face confrontation. This argument has no basis in the law. Supreme Court precedent clearly states that if the witness was available, there is no Confrontation Clause violation because the defense counsel had the opportunity to cross-examine the witness. *Crawford,* 541 U.S. at 59, fn. 9[1]

C.    *The Ineffective Assistance of Counsel Claim*

The sole disputed element during Petitioner's trial was whether he had the requisite sexual intent when he touched the victim. Petitioner contends that the evidence presented at trial was ambiguous on this point. Petitioner asserts that after the verdict in this case, the victim began counseling with a licensed family counselor who specializes in inter-family abuse. Petitioner claims that during therapy, the victim demonstrated to the counselor that her father touched her in the area below her waist, but above her pubic area. Petitioner claims that had his counsel

---

[1] Tellingly, the only case that Petitioner cites in support of his argument, *Coy v. Iowa*, 487 U.S. 1012 (1988), pre-dates *Crawford*.

employed a "trained, unbiased professional…to question [the victim] in a safe, objective setting…prior to trial, he would have known how [the victim] would respond upon being questioned specifically at trial." (Dkt. #1 at 34). Petitioner argues that his counsel's failure to obtain such a statement from the victim prior to trial resulted in "his need to avoid clarification from [the victim] at trial and thus lose the strongest form of evidence that the touching was not on [the victim's] genitalia." *Id*.

This court rejected Petitioner's ineffective assistance of counsel claim because he failed to show either that his trial attorney's performance was deficient or that it prejudiced the outcome of the trial, both required elements of an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The California Court of Appeal concluded that Petitioner's counsel had a sound tactical reason for failing to have the victim interviewed by a licensed therapist. For instance, counsel's decision could have been based on a concern that such an interview would focus the victim's attention on the precise location of where Petitioner touched her, and therefore, she might have been more likely to reveal information detrimental to Petitioner during trial. Such decisions must be accorded deference. *See Strickland*, 466 U.S. at 689 (cautioning that courts should not act as a "Monday morning quarterback" in reviewing tactical decisions). In addition, both the trial court and the California Court of Appeal described the evidence of sexual intent as "overwhelming." *Lincoln*, 2006 WL at *11. As such, this court concluded that the California Court of Appeal decision rejecting his ineffective assistance of counsel claim was neither contrary to, nor an unreasonable application of, Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

Here, Petitioner reargues what he argued in his habeas petition—that his attorney could not have had a sound tactical reason for not having the victim interviewed by a therapist. This

court disagrees. Petitioner has failed to make a substantial showing that he was denied effective

assistance of counsel. A Certificate of Appealabilty will not be issued on this claim.

IV.    CONCLUSION

For the foregoing reasons, the Request for a Certificate of Appealability is HEREBY

DENIED.

DATED this 3rd day of November, 2010.


/s/ Barbara Jacobs Rothstein

Barbara Jacobs Rothstein
U.S. District Court Judge